UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA SHARKE,

    Plaintiff,

v.                                          Case No. 8:11-CV-02406-T-17

CREDIT PROTECTION DEPOT, INC.
and AARON S. SHOAF,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

This cause is before the Court on Defendant Aaron S. Shoaf's Motion to Dismiss (Doc. 25) filed on February 1, 2012, Plaintiff Debra Sharke's response thereto (Doc. 27) filed on February 14, 2012, and Plaintiff Sharke's Motion for Leave to File Second Amended Complaint (Doc. 34). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED** with leave to amend and Plaintiff Sharke's Motion for Leave to File Document is denied as moot.

### BACKGROUND

Plaintiff, Debra Sharke, filed suit against Credit Protection Depot, Inc. ("CPD") and Aaron S. Shoaf for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, on October 24, 2011 (Doc. 1), and then filed an amended complaint on January, 11, 2012 (Doc. 18). Plaintiff Sharke alleges that Defendants CPD and Shoaf are debt collectors and violated the FDCPA. Doc. 18. Defendant Shoaf states that he does not qualify as a debt collector and moves to

dismiss Counts V–VIII. Doc. 25. This Court has jurisdiction over the federal claims in this case pursuant to 15 U.S.C. §1692.

For the purposes of resolving the present motion, the Court accepts the following factual allegations as true. Plaintiff Sharke owed a debt to a creditor other than Defendants CPD and Shoaf. The defendants acquired the right, and attempted, to collect that debt after the debt went into default. Doc. 18, ¶¶ 11–12. Plaintiff Sharke received an email from CPD on August 1, 2011 that was an attempt to collect the debt owed. Doc. 18, ¶¶ 13–16. Defendant Shoaf was an officer, shareholder, and/or director of CPD. Doc. 27, ¶ 2.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 8(a)(2) requires that a plaintiff's complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement of relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

Therefore, "to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). Courts must follow a two-step approach when considering a motion to dismiss: first, "eliminate any allegations in the complaint

that are merely legal conclusions;" and second, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). As such, the standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendant Shoaf successfully argues that Plaintiff Sharke has failed to state a claim upon which relief could be granted pursuant to the pleading standards of Federal Rules of Civil Procedure 12(b)(6) with regard to the claims that Defendant Shoaf is a debt collector and personally liable under the FDCPA.

The enactment of the FDCPA was intended "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *Leblanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692(a)(6).

However, after removing legal conclusions in the plaintiff's complaint and amended complaint, the plaintiff has not pled sufficient facts such that the claim is "plausible on its face." *Twombly*, 550 U.S. at 570. In *Iqbal*, descriptions and allegations that an individual was "instrumental" and the "principal architect" to the adoption of a policy were determined to be legal conclusions, which required removal, as opposed to facts. 129 S. Ct. at 1951; *Am. Dental Ass'n*, 605 F.3d at 1290. Plaintiff Sharke's claims that Defendant Shoaf "exercised control," was "regularly engaged," and played a "key role" in the collection of debts (Doc. 18; Doc. 27), are legal conclusions akin to those removed in *Iqbal* and not considered as facts. As such, the Court removes the aforementioned legal conclusions and does not find sufficient underlying facts.

Plaintiff Sharke also argues that Defendant Shoaf qualifies as a debt collector simply because of his position as an "officer, shareholder, and/or director." Doc. 27. This argument not only relies solely upon cases from circuits other than the Court's, but the Court is able to distinguish the present case from those used as support. Plaintiff Sharke cited cases where sole shareholders, and attorneys at single-attorney firms, were found to have control of, and were liable for, debt collection activities. *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Ditty v. CheckRite*, 973 F. Supp. 1320 (D. Utah 1997); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005). Unlike the referenced cases where single individuals operated firms and, therefore, the alleged actions could only be attributed to those single individuals, here, the plaintiff never stated that the defendant is the only member of CPD such that the Court could

reasonably attribute actions and allegations to Defendant Shoaf. To the contrary, the amended complaint states that Defendant Shoaf has "indirect involvement," suggesting that he is not the only person at CPD which, without factual knowledge to support the legal conclusion of Defendant Shoaf having "control," distinguishes the current case from those upon which the plaintiff relies. Doc. 18; 27. Accordingly, it is

ORDERED that Defendant Shoaf's Motion to Dismiss (Doc. 25 ) be GRANTED with leave to amend and Plaintiff Sharke's Motion for Leave to File Second Amended Complaint (Doc. 34) is moot. The plaintiff has ten (10) days to file an amended complaint.

DONE AND ORDERED in Chambers at Tampa, Florida, this 21st day of June, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record.