UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA SHARKE,

      Plaintiff,

vs.                                            CASE NO.: 8:11-CV-02406-EAK-MAP

CREDIT PROTECTION DEPOT, INC.
and AARON S. SHOAF,

      Defendants.

_____/

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Defendant Credit Protection Depot, Inc.'s Motion for Summary Judgment (Doc. 42), Plaintiff Debra Sharke's Motion for Partial Summary Judgment (Doc. 45), and Plaintiff's and Defendant's respective responses in opposition (Doc. 44 & 48). For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

### BACKGROUND

Plaintiff, Debra Sharke, filed suit against Defendants, Credit Protection Depot, Inc., ("CPD") and Aaron S. Shoaf, for violations of the Fair Debt Collection Practices Act (FDCPA) on October 24, 2011 (Doc. 1), and then filed an amended complaint on January 11, 2012 (Doc. 18). This Court granted Defendant Shoaf's Motion to Dismiss (Doc. 25) on June 21, 2012, with leave to amend. Plaintiff Sharke filed her Second Amended Complaint on June 26, 2012[1] (Doc.

---

[1] Defendant Shoaf was voluntarily dismissed by Plaintiff Sharke on July 6, 2012. (Doc. 38).

1

36). Defendant CPD filed its Motion for Summary Judgment and Memorandum in Support (Doc. 42) on October 19, 2012, and Plaintiff Sharke filed her Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 44) on November 2, 2012. Plaintiff Sharke then filed her Motion for Partial Summary Judgment against Defendant CPD (Doc. 45) on November 9, 2012 as to Counts V and IX. Defendant CPD filed its Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 48) on November 30, 2012.

The following undisputed facts are submitted by the parties in support and/or in opposition to Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment. The Court recognizes these as "facts" only in regard to resolution of the pending motion.

Defendant CPD buys consumer loans from other lenders who make the loans. (Doc. 42 Ex. 1, ¶ 1). One such lender from whom CPD has purchased loans is Payday Max, Ltd. (Doc. 42 Ex. 1, ¶ 2). On March 18, 2011, Plaintiff Sharke took out a $1,100.00 consumer loan from Payday Max, Ltd., electronically signed a written loan agreement, and received the loan proceeds via wire transfer into her personal bank account. (Doc. 42 Ex. 1, ¶¶ 3–5). The loan agreement expressly states that Plaintiff Sharke's loan may be assigned by Payday Max, Ltd. to a third party. (Doc. 42 Ex. 1, ¶ 6). Defendant CPD purchased Plaintiff Sharke's loan from Payday Max, Ltd. on March 18, 2011. (Doc. 42 Ex. 1, ¶ 7). The loan agreement called for no payment due by Plaintiff Sharke until April 8, 2011. (Doc. 42 Ex. 1, ¶ 8). Although Plaintiff Sharke's loan matured on April 8, 2011, it was renewed for another term. (Doc. 42 Ex. 1, ¶ 9). Defendant CPD sent Plaintiff Sharke an e-mail communication on August 1, 2011, which stated in pertinent part:

> Credit Protection Depot is a debt buyer that has recently purchased your debt and is attempting to collect on that debt.

>Please call our office immediately to discuss your account to ensure you remain in good standing. By maintaining contact with us, we are willing to work with you to avoid any additional fees that may be assessed by our office.
>
>We are confident that by working together we will work out a reasonable payment plan, but we must have your cooperation in this matter. By simply making a phone call, and speaking with one of our specialists you can ensure to keep your account in good standing with our company.
>
>We have several different options that can be utilized based on your current situation to guarantee the successful repayment of your current loan obligation.
>
>You[r] current balance is $1013.61 which can be sent to us via MoneyGram or Western Union using the instructions below. If you are unable to send the entire balance on your account we require that you send a minimum payment of $337.87 which will temporarily stop any additional actions regarding your outstanding balance.
>
>. . .
>
>If you fail to meet the obligations outlined above your account may be reviewed for further action. You could be responsible for additional fees. Only full payment of the debt would prevent further collection activity.
>
>. . .
>
>Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid.
>
>This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

(Doc. 36 Ex. A, at 2–4).

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for its motion for summary judgment and "identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party meets its burden if it demonstrates "an absence of evidence to support the nonmoving party's case." *Id.* at 325. The burden then shifts to the nonmoving party to identify specific facts that demonstrate a genuine issue of material fact in order to avoid summary judgment. *Id.* at 324.

An issue of fact is "genuine" only if a reasonable jury, after considering the evidence presented, could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A factual issue is "material" if it might affect the outcome of the trial under the governing substantive law. *Id.* at 248; *Hickson Corp. v. Northern Crossarm Co.*, 357 F.3d 1256, 1259–1260 (11th Cir. 2004). When ruling on a motion for summary judgment, the Court must view all inferences to be taken from the facts in the light most favorable to the nonmoving party. *U.S. v. Diebold*, 369 U.S. 654, 655 (1962). The weighing of evidence, the determination of credibility, and the drawing of reasonable inferences from the facts are all functions of the jury, not the judge. *Anderson*, 477 U.S. at 255. Therefore, if determination of the case rests on deciding which competing version of the facts and events is true, then summary judgment is inappropriate and the case should be submitted to the jury. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir. 1987).

## DISCUSSION

Plaintiff Sharke argues that Defendant CPD acted in violation of the FDCPA by failing to provide the information required by § 1692g(a) within five days of its initial communication with her. Further, Plaintiff Sharke argues that Defendant CPD acted in violation of § 1692e(10) by using false, deceptive, or misleading means to attempt to collect a debt.

Defendant CPD, on the other hand, argues only that it is not a "debt collector" as defined by § 1692a(6) of the FDCPA.

The FDCPA was enacted by Congress to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA "was not intended to shield . . . consumers from the embarrassment and inconvenience which are the natural consequences of debt collection." *Dalton v. FMA Enterprises, Inc.*, 953 F. Supp. 1525, 1531 (M.D. Fla. 1997) (quoting *Higgins v. Capitol Credit Servs., Inc.*, 762 F. Supp. 1128, 1135 (D. Del. 1991)).

In order to prevail on a claim under the FDCPA, a plaintiff must prove that: (1) she was the object of collection activity that arises from consumer debt; (2) that the defendant is a "debt collector" as defined by § 1692a of the FDCPA; and (3) that the defendant has engaged in an act or omission that is prohibited by the FDCPA. *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).

The FDCPA defines "consumer" as "any natural person obligated or alleged to be obligated to repay a debt." 15 U.S.C. § 1692a(3). The parties here do not dispute that Plaintiff Sharke is a consumer for purposes of the FDCPA. (Doc. 42 Ex. 1, ¶ 1, 7).

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). The parties here do not dispute that Plaintiff Sharke's consumer loan falls


within the FDCPA's definition of "debt." (Doc. 45 Ex. 1, at 1). Plaintiff Sharke stated that she used the consumer loan "primarily for personal, family, or household purposes." (Doc. 36, ¶ 15).

The FDCPA is a strict liability statute and a single violation of § 1692e is sufficient to establish a defendant's civil liability. 15 U.S.C. § 1692k(a); *Ferguson v. Credit Management Control, Inc.*, 140 F. Supp. 2d 1293, 1297 (M.D. Fla. 2001). The FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Acts prohibited by the FDCPA include "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken" and using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* at § 1692e(5), (10). To determine whether a certain action is considered "deceptive" under the FDCPA, courts employ either a "reasonable consumer" standard or a "least sophisticated consumer" standard. The Eleventh Circuit adopted the "least sophisticated consumer" standard after considering the history of Federal Trade Commission Act cases prior to the enactment of the FDCPA enunciating the same standard. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

Whether Defendant CPD is a "debt collector," and thus subject to the requirements of the FDCPA, is the dispositive issue before the Court. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce in any business the *principal purpose of which is the collection of any debts*, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be *owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added). Thus, the statute divides "debt collectors" into two categories: (1) businesses whose principal purpose is the collection of debts; and (2) those who regularly collect or attempt to collect the debts of others. *Berman v. Wells Fargo Bank, N.A.*, 2013 WL 145501, at

*3 (M.D. Fla. Jan. 14, 2013) (citing *Goia v. CitiFinancial Auto*, 2012 WL 6013206, at *6 (11th Cir. Dec. 3, 2012)). Here, Defendant CPD concedes that it is a business whose principal purpose is the collection of debts. (Doc. 42 Ex. 1, ¶ 1). The statute exempts a number of entities from this definition, however. Of particular interest in the present case is the exception contained in § 1692a(6)(F), which reads in pertinent part: "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." *Id.* at § 1692a(6)(F). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors . . . or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). Defendant CPD correctly argues that it falls within this exception and is not a debt collector as defined in the FDCPA.

Plaintiff Sharke argues that because Defendant CPD identified itself as a debt collector in its e-mail signature in its initial written communication to her on August 1, 2011, Defendant CPD admitted that the debt was in default at the time that it was obtained. (Doc. 45, at 10). In support of this contention, Plaintiff Sharke relies on a case from the Second Circuit Court of Appeals, *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82 (2d Cir. 2003). In *Alibrandi*, the Second Circuit sought to determine whether a subsequent loan servicer was a debt collector under the FDCPA where the creditor had transferred the responsibility for collecting on the debt to it from the initial debt collector. *Id.* at 85. The dispositive issue in making this determination was whether the debt was in default at the time the subsequent loan servicer obtained the debt. *Id.* The Second Circuit held that because the initial debt collector had identified itself as a "debt

collector" in its communication to the appellant, it had declared the debt to be in default at that time. *Id.* at 87. Because the subsequent loan servicer obtained the debt after the original debt collector had declared the debt to be in default, the subsequent loan servicer did not come within the § 1692a(6)(F)(iii) exception to the definition of "debt collector" for entities that attempt to collect on a debt that was not in default at time that it was obtained. *Id.* at 88. *Alibrandi* is distinguishable from the facts of this case.

Here, Defendant CPD is not disputing the fact that Plaintiff Sharke's loan was in default when it attempted to collect on it. (Doc. 48, at 7). But, as Defendant CPD correctly points out, the fact that the loan was in default at the time of collection does not mean that the loan was in default at the time Defendant CPD obtained the debt. In fact, the undisputed facts indicate that the opposite is true. Unlike the subsequent loan servicer in *Alibrandi*, Defendant CPD acquired the loan before it was in debt. Defendant CPD purchased the loan on March 18, 2011, which was the same day that PaydayMax, Ltd. made the loan to Plaintiff Sharke. (Doc. 42, at 2–3). Plaintiff Sharke was not required to make a payment on the loan until April 8, 2011. (Doc. 42, at 3). In her deposition, Plaintiff Sharke stated that she did not have any information that would contradict testimony from PaydayMax, Ltd., stating that it transferred the loan to Defendant CPD before Plaintiff Sharke ever missed a payment. (Doc. 42, at 3).

The undisputed facts indicate that Plaintiff Sharke's loan was not in default when Defendant CPD obtained it. Defendant CPD's self-identification as a debt collector merely indicated that it was attempting to collect on a debt that had since gone into default. This reference does not, however, have any bearing on whether the debt was in default at the time that it was obtained by Defendant CPD. Accordingly, Defendant CPD falls squarely within the § 1692a(6)(F)(iii) exception to the definition of "debt collector" that applies to entities

attempting to collect on a debt that was not in default at the time that it was obtained. Defendant CPD is therefore not a "debt collector" as defined by the FDCPA and the requirements of the FDCPA do not apply to Defendant CPD. Thus, Defendant CPD's motion for summary judgment is granted and Plaintiff Sharke's motion is denied. Accordingly it is:

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 42) is **GRANTED** and that Plaintiff's Motion for Partial Summary Judgment (Doc. 45) is **DENIED** as set out above. The Clerk of Court shall enter judgment for the Defendant Credit Protection Depot, Inc., and against the Plaintiff and shall close this case and terminate any pending motions.

**DONE and ORDERED** in chambers, in Tampa, Florida, this 29th day of April 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All Parties and Counsel of Record